IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GILBERT RASMUSSEN,

                            Plaintiff,

  v.

SAWYER COUNTY, WISCONSIN,

                            Defendant.

OPINION and ORDER

18-cv-861-jdp

---

This case involves a dispute over ownership of an abandoned railroad right-of-way, which runs through property owned by pro se plaintiff Gilbert Rasmussen. Rasmussen and Sawyer County both claim ownership of the right-of-way. Rasmussen seeks a declaratory judgment that the county has no legitimate claim to the right-of-way. Dkt. 1.

The county moves to dismiss the case under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. Dkt. 3. I will grant the motion. Rasmussen says that his claim to invalidate a deed conveyed by the railroad to the county in 2013 raises a federal question because deciding that claim will require me to interpret the Railroad Acts of 1856 and 1864. And Rasmussen asks me to exercise supplemental jurisdiction over his related state-law adverse-possession claims to some adjacent property. But the Railroad Acts have only a passing relationship with the facts of this case; the material dispute is whether the railroad abandoned the right-of-way in 1981. I will dismiss the case for lack of jurisdiction. Rasmussen may file the case in state court where it belongs.

## ALLEGATIONS OF FACT

I draw the following facts from Rasmussen's complaint. Dkt. 1. The county raises a facial challenge to Rasmussen's complaint, so I accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of Rasmussen. *See Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015) (a facial challenge argues that a plaintiff has not alleged a sufficient basis for subject matter jurisdiction in his complaint).

Rasmussen owns a parcel of land in Sawyer County, Wisconsin. An abandoned railroad right-of-way runs adjacent to and through his property. The right-of-way was previously owned by the predecessors of the Union Pacific Railroad Company. (I will refer to Union Pacific and its predecessors together as "the railroad.")

As part of the Railroad Acts of 1856 and 1864 (Act of June 3, 1856, ch. 43, 11 Stat. 20; Act of May 5, 1864, ch. 80, 13 Stat. 66), the United States gave the railroad title to the parcels of land adjacent to Rasmussen's property. But the United States conveyed ownership of the Rasmussen property directly to Rasmussen's predecessors-in-interest. So to get the right to run railroad tracks through Rasmussen's property, the railroad "went through condemnation proceedings to obtain a railroad easement" over Rasmussen's property. Dkt. 1, ¶ 18.

In 1981, the railroad abandoned the easement over Rasmussen's property. After 1981, the railroad retained no interest in the property. Rasmussen also alleges that he has adversely possessed adjacent property.

In 2013, the county registered a quitclaim deed that purported to convey title of the abandoned right-of-way on Rasmussen's property from the railroad to the county. A few years later, the county registered quitclaim deeds to the adjacent property that Rasmussen also claims.

ANALYSIS

The first question in every case is jurisdiction. A lawsuit does not belong in federal court unless the complaint adequately alleges subject matter jurisdiction. *Smart v. Local 702 Int'l Bhd. Of Elc. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). When, as here, a plaintiff asserts federal question jurisdiction under 28 U.S.C. § 1331, the claim must arise under the Constitution, laws, or treaties of the United States.

Rasmussen relies on *Samuel C. Johnson 1988 Tr. v. Bayfield Cty., Wis.*, 649 F.3d 799 (7th Cir. 2011), as a basis for jurisdiction in this case. In *Johnson*, the plaintiff sued a different Wisconsin county to challenge that county's claim over a different section of the same railroad right-of-way. As in this case, some parts of the right-of-way were on land granted to the railroad by the federal government through the Railroad Acts of 1856 and 1864, and other parts were obtained through condemnation proceedings. But both sides in that case agreed that the railroad had abandoned its easement over the plaintiff's land. The county argued that it held title because the abandoned easement had reverted to the federal government under 43 U.S.C. § 912, and because the federal government had then conveyed its interest in the easement to the county. *Id.* at 802.

The *Johnson* court determined that it could exercise jurisdiction because the county's claim arose under federal law. Deciding that case required the court to construe § 912 and the terms of the original federal grants to determine whether the easements had reverted to the federal government, and thus were conveyed to the county as the county claimed. On the merits, the court held that the easement reverted to the land owner, and not the federal government, when it was abandoned by the railway. *Id*. at 803.

In this case, however, neither party's claim to the disputed right-of-way depends on federal law. The county claims it holds title because it obtained a quitclaim deed from the railroad. Rasmussen seeks judgment declaring the deed invalid because the railroad abandoned the right-of-way before transferring its interest to the county. Rasmussen says that I need to determine whether the railroad acquired its deed under the Railroad Acts. But how the railroad originally obtained its interest is irrelevant to the deed's validity; Rasmussen does not challenge the railroad's original claim to the right-of-way. Instead, the dispute is whether the railroad abandoned the easement in 1981, and that is entirely an issue of state, not federal, law. The case does not turn an any issue of federal law, so there is no federal question on which to base jurisdiction.

Because I do not have original jurisdiction over the abandonment claim, I cannot exercise supplemental jurisdiction over Rasmussen's other state-law claims. *See* 28 U.S.C. § 1367. I will dismiss this case; Rasmussen can refile in state court.

ORDER

IT IS ORDERED that:

1. Defendant Sawyer County's motion to dismiss, Dkt. 3, is GRANTED.
2. The case is DISMISSED without prejudice to Rasmussen filing his suit in state court.

Entered July 31, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge